UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FOLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:22-cv-01839-SEB-MJD |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion of Michael Foley for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In 2012, Mr. Foley and others were charged in a 26-count indictment with conspiracy to possess with the intent to distribute and/or distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846 (Count One). *United States v. Foley*, 1:12-cr-133-SEB-TAB-1 (Cr. dkt.), dkt. 1. The United States later filed an Information under 21 U.S.C. § 851 charging that Mr. Foley had previously been convicted of a felony drug offense–an Indiana conviction for possession of cocaine. Cr. dkt. 479. Mr. Foley agreed to plead guilty to Count One and the United States agreed to refrain from filing a second § 851 Information. Cr. dkt. 645. Mr. Foley also agreed to waive his right to appeal his conviction and sentence or seek to contest his conviction or sentence through a § 2255 motion. *Id.* ¶ 9. The Court accepted Mr. Foley's plea and sentenced him to 300 months' imprisonment. Cr. dkt. 741. Judgment was entered on September 4, 2013. Cr. dkt. 746. Mr. Foley filed his § 2255 motion on September 16, 2022. Cr. dkt. 2099.

## III. Discussion

The United States opposes Mr. Foley's motion arguing that it is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of four triggering events:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>   Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Mr. Foley did not appeal, his conviction became final on the last day he could have filed a notice of appeal, September 18, 2013. Fed. R. App. P. 4(b)(1)(A). He therefore had through September 18, 2014, to file a timely § 2255 motion under § 2255(f)(1). His motion, postmarked on September 14, 2022, is eight years late under that subsection.

Mr. Foley further cannot show that his motion is timely under any of the other subsections of § 2255(f). First, he does not assert that some government action impeded his ability to file his claims sooner, to satisfy subsection (f)(2). In addition, Mr. Foley's claims do not satisfy the requirement of § 2255(f)(3), that it relies on a right newly recognized by the Supreme Court and made retroactive on collateral review. Mr. Foley contends that his prior cocaine conviction can no longer be used to enhance his sentence under 21 U.S.C. § 851 and relies on recent cases including *Mathis v. United States*, 579 U.S. 500 (2016) and *Harris v. United States*, 13 F.4th 623 (7th Cir. 2021). But *Mathis* is not retroactively applicable to cases on collateral review. *See Sotelo v. United States*, 922 F.3d 848, 854 (7th Cir. 2019) (*Mathis* cannot satisfy § 2255(f)(3)'s requirement). And, the other cases Mr. Foley relies on, which are Court of Appeals cases, rather than Supreme Court decisions, do not trigger subsection (f)(3). Finally, Mr. Foley cannot satisfy § 2255(f)(4). He claims his motion is untimely because "new evidence come to light on [his] 851 enhancement being no longer good" and his "drug weight being wrong." Dkt. 1 at 12. He states that these "facts just became known to [him]." *Id.* But to the extent he contends that his prior conviction no longer supports his § 851 enhancement, this claim is not based on new evidence, but a change in the law,

3

which the Court has explained is not retroactive. And, although he can be understood to contend that he just learned that the weight of the drugs attributed to him is incorrect, he has presented no evidence or argument to support a conclusion that these facts could not have been discovered through the exercise of reasonable diligence as required by subsection (f)(4).[1]

The statute of limitations set forth above "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the statute of limitations for § 2254 motions are subject to equitable tolling); *Lombardo v. United States*, 860 F.3d 547, 551–52 (7th Cir. 2017) (applying the equitable tolling doctrine to a motion under § 2255). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016) (quoting *Holland*, 560 U.S. at 649). "The extraordinary-circumstance prong is met 'only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control.'" *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). Importantly, the movant must show "reasonable effort throughout the limitations period." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). This burden cannot be satisfied with "mere conclusory allegations of diligence" but instead only with "specific evidence." *Mayberry*, 904 F.3d at 531. Mr. Foley argues that he believed he could not appeal his sentence and conviction because his "lawyer

---

[1] Mr. Foley filed two "affidavit[s] of truth" stating that the Court did not have jurisdiction over him. Dkt. 3, 4. But he makes no cogent argument to support this contention or to support a conclusion that such an argument, presented years after his criminal case was decided, is not barred by the statute of limitations.

talked [me] into signing away [my] appeal rights." Dkt. 1 at 5. But Mr. Foley's lack of legal knowledge is not enough to justify equitable tolling. *See Lombardo v. United States*, 860 F.3d 547, 560 (7th Cir. 2017). And he provides no further evidence or argument to show that he exercised reasonable diligence to file his petition timely. In short, given the record before the Court, Mr. Foley has not met his burden to show that he made a reasonable effort throughout the limitations period to pursue his rights and that some extraordinary circumstance stood in his way.

## IV. Conclusion

For the reasons explained in this Order, Mr. Foley is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:12-cr-133-SEB-TAB-11.** The motion to vacate, dkt. [2099], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Foley has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d. Cir. June 3, 2021) ("For substantially the reasons given by the District Court, jurists of reason

5

would not find it debatable that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed, and that equitable tolling was unwarranted.") (cleaned up). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 5/10/2024

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
Brattain Minnix Tolliver
Terry@BMGIndy.com